The Law Offices of
# BRADLEY H. FOREMAN, P.C.
900 W. Jackson
Suite 7E
Chicago, Illinois 60607

## ATTORNEY-CLIENT RETAINER AGREEMENT

The Client (s) _Gerard McKelly_ hereby enter(s) into this Attorney-Client Retainer Agreement with Bradley H. Foreman ("Attorney").

### 1. TOTAL FEES AND COSTS

a) <u>Fixed Fee:</u> A fixed fee shall be paid by CLIENT to ATTORNEY for legal services rendered under this contract. The fixed fee shall be paid as follows:

Chapter 7   $ _2,500_ + costs
Chapter 13: $4,000.00

This fee covers the following: initial consultation; analysis of client financial situation; determination under federal bankruptcy law as to whether client should file under Chapter 7 or Chapter 13; explanation and advice as to bankruptcy procedures. In the event that the client elects to proceed with a bankruptcy filing, the retainer shall be applied to the total fees to be charged as describe above.

b) <u>Costs:</u> In addition to the fixed fee, the CLIENT shall pay a filing fee of **$335.00** for chapter 7 court costs or pay a filing fee of $310.00 for chapter 13 court costs, whichever is applicable. The following required items may be purchased through Attorney but are not required to be purchased through Attorney and may be purchased independently by Client:

Credit Counseling   $40.00  ⎫
Debtor Education    $40.00  ⎬ Paid by client
Credit Report       $25.00  ⎭

### 2. CONDITION

This Contract will not take effect, and ATTORNEY will have no obligation to provide legal services, until CLIENT returns a signed copy of this Contract and pays the fixed fee called for under Paragraph 1.

### 3. SCOPE OF DUTIES
CLIENT hires ATTORNEY to provide legal services in connection with the preparation of a bankruptcy petition. ATTORNEY shall provide the services listed in Paragraph 4. ATTORNEY'S services will NOT include litigation of any kind, whether in court, in administrative hearings or before government agencies or arbitration tribunals. ATTORNEY

shall take reasonable steps to keep CLIENT informed of progress and to respond to CLIENT'S inquiries.

CLIENT shall be truthful with ATTORNEY, cooperate with ATTORNEY, and keep ATTORNEY informed of developments, abide by the Contract, pay ATTORNEY'S bills on time and keep ATTORNEY advised of CLIENT'S address, telephone number and whereabouts.

## 4. LEGAL SERVICES TO BE PROVIDED

The legal services rendered or to be rendered include:

(a) Analysis of the financial situation of CLIENT and rendering advice and assistance to CLIENT in determining whether to file a voluntary petition under Title 11, United States Code. (Bankruptcy Code)

(b) Preparation and filing of the petition, Schedule of Assets and Liabilities, and Statement of Affairs.

(c) Representation of CLIENT at the First Meeting of Creditors.

The legal work includes all necessary Court appearances, research, investigation, correspondence, preparation and drafting of pleadings and other legal documents, and related work to properly represent the client in this matter for the items exclusively set forth above.

## 5. LEGAL SERVICES NOT PROVIDED

The legal services and/or legal representation not to be provided or not rendered by attorney under this agreement include:

(a) representation of CLIENT in any adversary proceeding arising under Bankruptcy Code Section 523 for fraud, credit card abuse, false financial statements or any and all exceptions to discharge under Section 523; or

(b) representation of CLIENT in any adversary proceeding arising under Bankruptcy Code Section 727 for false oath, concealment of assets, revocation of discharge or any other and all objection to discharge under Section 727; or

(c) representation of CLIENT in any objection to claim of exemptions by trustee or creditor; or

(d) representation of CLIENT in any motion for relief from stay by creditor to proceed to foreclose on real property or repossess personal property such as automobile, furniture, etc.; or

(e) representation of CLIENT in any proceedings under Bankruptcy Rule 2004 to conduct examinations of debtor(s) or of third parties;

2

(f) representation of CLIENT for motions to compel abandonment of assets or motion to avoid judicial liens on real or personal property.

(g) representation of CLIENT for any type of federal or state tax advice, opinion, negotiation, or any other matters pertaining to the discharge of any tax under any state or federal law.

CLIENT acknowledges and understands by signing this agreement that debts will not be discharged if a creditor proves that CLIENT lied about assets or concealed, destroyed or transferred any property within Bankruptcy Code Section 523 and/or 727.

CLIENT acknowledges and understands by signing this agreement that all the bankruptcy papers, pleadings and petitions are signed under the penalty of perjury and a false oath, concealment of assets or other allegation under Bankruptcy Code Section 727 by a creditor, trustee or court may result in the denial of discharge of debt or other sanctions, either monetary or non-monetary.

## 6. CLIENT RESPONSIBILITY

You must fully cooperate with ATTORNEY and provide all information relevant to the issues involved in this matter. You must also pay all bills as required by this Agreement. If you do not comply with these requirements, ATTORNEY may ask the Court for permission to withdraw from representing you. ATTORNEY will also withdraw at your request.

## 7. CONCLUSION OF SERVICES

When ATTORNEY'S services conclude, all unpaid charges shall immediately become due and payable. After ATTORNEY'S services conclude, ATTORNEY will, upon CLIENT'S request, deliver CLIENT'S file to CLIENT, along with any CLIENT funds or property in ATTORNEY'S possession.

## 8. DISCLAIMER OF GUARANTEE

Nothing in this Contract and nothing in ATTORNEY'S statements to CLIENT will be construed as a promise or guarantee about the outcome of the CLIENT'S matter. ATTORNEY makes no such promises or guarantees. ATTORNEY'S comments about the outcome of CLIENT'S matter are expressions of opinion only. Unless specifically requested, the ATTORNEY renders no advice or opinion as to the dischargability of tax debt and has not provided such advice to the CLIENT. Even where potential discharge of tax debt has been discussed, CLIENT has been advised that tax liens, if any, may not be eliminated in bankruptcy.

## 9. EFFECTIVE DATE

This Contract will take effect when the CLIENT has performed the conditions stated in paragraph 1, but its effective date will be retroactive to the date ATTORNEY first provided services. The date at the beginning of this Contract is for reference only. Even if

this Contract does not take effect, the CLIENT will be obligated to pay ATTORNEY the reasonable value of any services ATTORNEY may have performed for the CLIENT.

The CLIENT hereby acknowledges that CLIENT understands the terms and conditions of this agreement by signing below. The CLIENT agrees with the ATTORNEY that this written contract contains all of the terms and conditions of the ATTORNEY'S scope of employment. Any oral modification of this agreement will not be binding upon the ATTORNEY and/or CLIENT unless it is subsequently made in writing and signed by both parties.

## 10. ADDITIONAL LEGAL SERVICES

If you need other services which may or may not be related to the above matter, you and ATTORNEY may make a new agreement to provide the other services and for any additional services described in paragraph 5 herein. The new agreement may be a fixed fee agreement or billed to the CLIENT at an hourly rate as agreed by the parties.

## 11. AMENDED SCHEDULES

Should there be a need to file an Amended Schedule Form in order to include additional creditors in your bankruptcy, the CLIENT will be required to pay additional ATTORNEY'S fees of $100.00, costs of $20.00 for postage and photocopies and additional $30.00 for court costs for a total due of $150.00.

## 12. BANKRUPTCY DISCHARGE

The CLIENT acknowledges and understands by signing this agreement that a discharge in bankruptcy is a legal excuse from paying unsecured debts. The CLIENT acknowledges and understands by executing this agreement that bankruptcy does not cancel secured debts, debts to creditors that the CLIENT did not list on Bankruptcy Schedules, most income taxes, payroll taxes, sales taxes, tax penalties and interest owed to the State and federal government, most student loans, child and spousal support, most fraud judgments from any court, punitive damages, criminal restitution and fines, most judgments for malicious and wilful conduct from any court, and any money that you owe as a result of being sued for driving under the influence of alcohol or other substances.

## 13. LIQUIDATION OF ASSETS BY TRUSTEE

The CLIENT acknowledges and understands that in the chapter 7 case a chapter 7 trustee will be appointed by the court. The CLIENT understands that the chapter 7 trustee has a duty to investigate the financial affairs of the debtor; determine the available assets to be liquidated for the payment of creditors and oppose the discharge of the debtor, if advisable. The CLIENT acknowledges that they have a duty to cooperate with the chapter 7 trustee. The CLIENT acknowledges that the chapter 7 trustee may investigate the value of their real property, business and any and all other assets that my result in liquidation and payment of money to creditors.

**THIS AGREEMENT MAY BE CANCELLED BY CLIENT AT ANY TIME PRIOR TO FILING WITH NO ADDITIONAL OBLIGATION.**

The foregoing terms and conditions are understood and acknowledged to be the entire agreement between the CLIENT and ATTORNEY.

DATED: 11-19-15 ; CLIENT: Gerard M McKillop

DATED: _____ ; CLIENT: _____

DATED: 11/19/15

ATTORNEY BRADLEY H. FOREMAN

5